UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO.: 4:09CV-94-M

GROUPWELL INTERNATIONAL (HK) LIMITED                        PLAINTIFF

v.

GOURMET EXPRESS, LLC                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the plaintiff, Groupwell International (HK) Limited ("Groupwell"), for partial summary judgment [DN 17] and a motion by the defendant, Gourmet Express, LLC ("Gourmet"), for relief pursuant to Fed. R. Civ. P. 56(f) [DN 18]. Fully briefed, these motions are ripe for decision.

## I. INTRODUCTION

This controversy arises out of a contract dispute between Groupwell, a seller of frozen seafood and vegetables, and Gourmet, a manufacturer of frozen dinners. It is undisputed that Gourmet placed 55 separate orders from Groupwell for the purchase of frozen seafood and vegetables to be delivered from various ports of shipment in Asia to Gourmet's facilities in the United States. (DN 17, Ex. B.) It is also undisputed that Gourmet received and accepted the goods at its facilities, and that Gourmet agreed to pay $2,976,699.73 for the goods. (Id.) Furthermore, Gourmet acknowledges that many of the invoices remain unpaid even though some have been outstanding for more than 420 days.[1] From these undisputed facts, Groupwell

---

[1] Although Gourmet acknowledges that it has paid no money towards 50 of the 55 invoices, it claims that it has paid $250,000 towards the $269,260.84 owed on the remaining five

argues that it is entitled to partial summary judgment in the amount of $2,726,699.73 plus prejudgment interest. It also requests that this partial summary judgment be made final and appealable pursuant to Rule 54(b).

Gourmet, on the other hand, argues that summary judgment is improper because the invoices may not yet be due and owing. It points out that none of the invoices, nor any other written instrument for that matter, identify a due date. In addition, it argues that discovery is not yet closed, and that through discovery it may obtain evidence that creates a genuine issue of material fact. Pursuant to Rule 56(f), Gourmet requests that Groupwell's motion be denied or, alternatively, continued until 20 days after the close of discovery.

## II. DISCUSSION

### A. RULE 56(F) STANDARD

Rule 56 allows a claiming party to move for summary judgment "at any time" until 30 days after the close of all discovery. Fed. R. Civ. P. 56(a) & (c)(1)(A). Although the moving party may immediately move for summary judgment, the court may not grant the motion if "'the non-movant is not afforded a sufficient opportunity for discovery,'" Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir. 2002) (quoting Vance v. United States, 90 F.3d 1145, 1148 (6th Cir. 1996)); cf. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (the court may enter summary judgment "after adequate time for discovery"). To this end, it is an abuse of discretion for the trial court to enter summary judgment without

---

invoices. Groupwell challenges this assertion, but because of this dispute, only moves for summary judgment on these five invoices in the amount of $19,260.84–the amount that Gourmet acknowledges remains due.

2

permitting the non-movant to conduct any discovery if the non-movant makes a proper and timely showing of a need for discovery. Vance, 90 F.3d at 1149 (citing White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir. 1994)).

Nevertheless, "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited." Paul Kadair, Inc. v. Sony Corp. of Am., 694 F.2d 1017, 1029-30 (5th Cir. 1983) (citation omitted). To establish its right for a continuance under Rule 56(f), the non-movant is required to set forth in an affidavit "precisely what discovery [is] needed and why it [is] needed," Vance, 90 F.3d at 1150, and must "affirmative[ly] demonstrat[e] how the requested discovery will . . . rebut the grounds alleged for summary judgment," Cunningham v. Osram Sylvania, Inc., 221 F. App'x 420, 423 (6th Cir. 2007) (citing Abercrombie & Fitch, 280 F.3d at 627). Courts may limit discovery "when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56(e) motion for summary judgment." Paul Kadair, 694 F.2d at 1030. Discovery may also "be limited if dilatorily sought" or where the information is otherwise accessible to the non-moving party. Id. at 1031 (citation omitted). In assessing whether to grant more time for discovery, courts should consider factors such as "when the moving party learned of the issue that is the subject of discovery, how the discovery would affect the ruling below, the length of the discovery period, whether the moving party was dilatory, and whether the adverse party was responsive to prior discovery requests." Audi AG v. D'Amato, 469 F.3d 534, 541 (6th Cir. 2006) (citing Plott v. Gen. Motors Corp., 71 F.3d 1190, 1196-97 (6th Cir. 1995)).

## B. Additional Time for Discovery is Warranted

Having admitted that it purchased the goods included in the 55 invoices, that the goods were delivered, and that it accepted the goods, Gourmet became obligated to pay the price for the goods as it became due. KRS 355.2-709(1)(a); see also KRS 355.2-507(1) ("Tender entitles the seller to acceptance of the goods and to payment according to the contract."). Not surprisingly, Gourmet's position is that it might not yet be obligated to pay the invoices and that additional discovery is needed to determine the precise due date. According to Gourmet, "in absence of a written agreement providing the time of payment, then time for payment would be a reasonable time." (Mem. Resp. Summ. J. at 14 (citing KRS 355.2-309).) And what constitutes a reasonable time is a question of fact for which additional discovery is needed. (Id.) But Gourmet's interpretation of the Uniform Commercial Code is faulty. The Code's "reasonable time" provision only applies if the time for performance is not otherwise "provided in this article . . . ." KRS 355.2-309(1). Yet KRS 355.2-310 provides such a time for payment: "payment is due at the time and place at which the buyer is to receive the goods . . . ." KRS 355.2-310(1). This means that in the absence of an agreement to the contrary, payment is due at the time of delivery. 1 James J. White & Robert S. Summers, Uniform Commercial Code § 3-7 (5th ed. 2006). This rule applies to contracts, not only under the UCC, see id., but also at common law,[2] Louisville Packing Co. v. Crain, 141 Ky. 379, 388, 132 S.W. 575, 578 (1910) (pre-dating Kentucky's adoption of the UCC) ("in the absence of any stipulation in the contract

---

[2] Because the same rule applies under both the common law and the UCC, Gourmet's argument that its Rule 56(f) motion should be granted in order to discover whether the UCC even applies, is unpersuasive.

4

as to time or terms, cash payment upon delivery of the goods must be presumed.").

Gourmet's argument that it should be allowed more time for discovery to determine whether the due date was established through the parties' course of dealings presents a closer question. "[T]he course of performance or course of dealing between parties may demonstrate an agreement that would displace a section 2-310 requirement of payment due upon tender of delivery." Frank Novak & Sons, Inc. v. Sommer & Maca Indus., Inc., 538 N.E.2d 700, 704 (Ill. App. Ct. 1989). In fact, Groupwell does not dispute that further discovery and other proceedings will be necessary in order to determine the precise date upon which payment was due so that prejudgment interest may be calculated. And other issues related to damages, such as the parties' dispute over whether Gourmet made payment towards five invoices, remain to be litigated. Therefore, it appears that the parties will have to undertake essentially the same discovery regardless of whether the Court enters partial summary judgment in favor of Groupwell. Groupwell acknowledges this, but requests that partial summary judgment be entered so that the judgment might become final and appealable thereby allowing Groupwell to immediately commence collection efforts. But even were the Court to enter partial summary judgment in favor of Groupwell, it would be an abuse of discretion to make that judgment final and appealable.

In relevant part, Rule 54(b) provides:

When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Under this Rule, the trial court is to act as a "dispatcher," exercising its "sound judicial discretion . . . to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956)).

Before certifying a matter as appealable under this Rule, the Court must first determine that it is dealing with a final judgment. Id. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Here, the Court in granting summary judgment would be making a decision upon a cognizable claim for relief–breach of contract. However, the matter would not be final because the entire amount of damages have not been established; Groupwell explicitly excluded from its motion for summary judgment the amount of prejudgment interest available to it on its claim for breach of contract as well as the amount due on five invoices. "[F]or a final judgment to be entered on any one claim, *all damages stemming from that claim must be fixed*." Int'l Controls Corp. v. Vesco, 535 F.2d 742, 748 (2d Cir. 1976) (emphasis added); see also Gen. Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1028 (6th Cir. 1994) ("'When a plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and Rule 54(b) does not apply.'") (quoting Wright, Miller, & Kane, Federal Practice & Procedure § 2657 (2d ed. 1983). "In other words, the district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed." Id.; cf. Philhall

Corp. v. United States, 546 F.2d 210, 213-14 (6th Cir. 1976) (a judgment that awards interest cannot be final unless the dates for computing interest are specified). And as the damages have not been fixed, there would be no judgment that could be made "final" under Rule 54(b).

In light of these circumstances the Court will grant Gourmet's Rule 56(f) motion. Regardless of the merits of Groupwell's motion for summary judgment, it is simply not entitled to the relief it ultimately seeks–a *final* judgment. Additionally, even if the Court were inclined to grant Groupwell's motion for partial summary judgment, it would nevertheless be required to respond to the same discovery requests that Gourmet is seeking in its Rule 56(f) motion.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion by the defendant, Gourmet Express, LLC, for relief pursuant to Fed. R. Civ. P. 56(f) [DN 18] is **GRANTED** and the motion by the plaintiff, Groupwell International (HK) Limited, for partial summary judgment [DN 17] is **DENIED** with leave to re-file the motion at the conclusion of discovery.

cc:     Counsel of Record