UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO.: 4:09cv-94 M
**ELECTRONICALLY FILED**

GROUPWELL INTERNATIONAL (HK) LIMITED                    PLAINTIFF

vs.

GOURMET EXPRESS, LLC                                               DEFENDANT

### PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff, Groupwell International (HK) Limited ("Groupwell"), pursuant to Fed.R.Civ.P. 26(c)(1)(D), moves the Court for a protective order to limit Gourmet's attempt to conduct discovery in this case regarding matters released by a Settlement Agreement effective January 25, 2008, executed by the parties in regard to previous litigation involving Gourmet. Groupwell has filed a Motion for Partial Summary Judgment (DN 55) seeking dismissal of all claims asserted by Gourmet that arise from alleged conduct that would have occurred before January 25, 2008, because such claims were released by the Settlement Agreement. Groupwell also argues in that motion that the doctrine of res judicata bars these same claims based on an order of dismissal entered January 30, 2008 in a Texas case involving these same claims asserted on behalf of Gourmet by a previous shareholder.

For the reasons set forth below, the Court should prohibit discovery on claims that are the subject of Groupwell's motion pending resolution of that motion.

**Procedural History**

Groupwell filed this suit in September 2009 to collect from Gourmet monies owed by Gourmet to Groupwell for purchases of shrimp and vegetables used in frozen skillet meals manufactured by Gourmet.  Groupwell filed an Amended Complaint on February 2, 2010 (DN 14) asserting additional claims based on Gourmet's wrongful cancellation of contracts to deliver future goods.  Gourmet filed an Amended Answer on February 12, 2010 (DN 16).  Gourmet lodged no counterclaims as part of its Amended Answer.  Groupwell moved for partial summary judgment on liability, but this Court denied the motion as premature in an Order entered May 12, 2010 (DN 30).  Discovery has since been ongoing.

On September 30, 2010, Gourmet moved to file a Second Amended Answer, with Counterclaims (DN 44).  Gourmet's factual basis for its motion was exclusively based upon Exhibit "B" to the motion, an Indictment issued in the Western District of Texas on July 7, 2010, styled United States v. Robert Warren Scully and Kevin James Scully.[1]  In that Indictment, both Scullys were identified as owners of Groupwell.  Among other things, the Indictment charged that the Scullys engaged in a conspiracy to file false individual tax returns.[2]

The Indictment described Groupwell as a "shell company" controlled by the Scullys  that the Scullys formed, had an interest in, and controlled (¶¶4, 9-10).  The

---

[1] Case # SA-10-CR-0593.

[2] A Superseding Indictment was filed November 17, 2010.  Among other things, it charged the Scullys with a separate conspiracy to defraud investors in Gourmet, and a separate wire fraud conspiracy as well.

Indictment essentially claimed that the Scullys, through their control of Groupwell, overcharged Gourmet for shrimp, pocketed the overcharge, and did not report it as income.

Based upon this Indictment, Gourmet's tendered Second Amended Answer included five (5) Counterclaims. Groupwell did not oppose the filing of Gourmet's Second Amended Answer. By Order entered November 8, 2010, this Court granted Gourmet's motion (DN 48). Gourmet's Second Amended Answer, along with its Counterclaims, was filed November 8, 2010 (DN 49).

On November 23, 2010, Groupwell filed its Answer to the Counterclaims of Gourmet (DN 50). Groupwell denied the allegations and lodged numerous affirmative defenses, including release; res judicata; failure to state a claim; and failure to plead fraud with particularity.

On January 5, 2011, Gourmet propounded to Groupwell Gourmet's Third Set of Interrogatories, Requests for Production of Documents, and Fourth Request for Admissions. Gourmet's requests were both detailed and broad, seeking information from Groupwell covering a period of time exceeding five years.

On February 18, 2011, Groupwell served its responses to those discovery requests. A copy of those discovery responses, without attached documents, is attached hereto as Exhibit A. Groupwell objected to responding to those discovery requests to the extent they sought information on claims released by the Settlement Agreement effective January 25, 2008, noting that Groupwell would file a Motion for Partial Summary Judgment seeking dismissal of those claims. Without waiving this objection, Groupwell

provided some information to Gourmet that was only relevant to the claims released by the Settlement Agreement.

On March 2, 2011, Groupwell filed its Second Motion for Partial Summary Judgment (DN 55).  Groupwell seeks dismissal of all claims asserted in Gourmet's Counterclaims that are based on conduct that occurred on or before January 25, 2008, which is the effective date of a Settlement Agreement signed by Gourmet.  In that Settlement Agreement, Gourmet released Groupwell from the very same claims Gourmet asserts in its Counterclaims this lawsuit.  Groupwell also argued in that motion that the doctrine of res judicata bars these same claims based on an order of dismissal entered January 30, 2008 in a Texas case involving these same claims asserted on behalf of Gourmet by a previous shareholder.  For purposes of this Motion, Groupwell incorporates said motion by reference as if set forth fully herein.  Gourmet's response is due March 28, and Groupwell's reply is due in mid-April.

Gourmet has noticed the deposition of Didier Delaval of Groupwell for March 24-25, 2011.  Groupwell has no objection to Gourmet deposing Mr. Delaval, but the deposition should be subject to the limits requested in this motion.

## Argument

Groupwell's position is that Gourmet can proceed with discovery, including the deposition of Didier Delaval, but discovery should be limited to issues or facts arising or occurring since January 25, 2008.  Groupwell is entitled to an order limiting the scope of discovery pursuant to Rule 26(c)(1)(D), which provides:

> A party or any person from whom discovery is sought may move for a protective order....  The court may, for good cause, issue an order to

4

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:...

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;...

To allow Gourmet unlimited discovery regarding its Counterclaims would be unduly burdensome and expensive to Groupwell.  Gourmet's Counterclaims allege that the relevant time frame is "beginning with Groupwell's formation until August 3, 2009" (Gourmet Counterclaim, ¶63).  The Counterclaims substantially rely upon the criminal indictment against Groupwell's alleged principals,[3] the Scullys, which extends back to 2001.  Indeed, the discovery requests from Gourmet  would require Groupwell to expend enormous amounts of time, attorney fees, plus other expert fees (accounting for example) to defend against claims that Groupwell firmly believes are barred by the Settlement Agreement and the doctrine of res judicata.

In  Gettings v. Building Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300 (6th Cir. 2003), defendants moved for summary judgment and also filed a motion to stay discovery pending the ruling on the motion for summary judgment. Gettings at 304.  The district court stayed discovery and granted the defendants' summary judgment motion. The Sixth Circuit held that trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Id.  In addition, the Sixth Circuit ruled that limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery."  Id., citing Muzquiz v. W.A. Foote Memorial Hosp., Inc., 70 F.3d 422, 430 (6th Cir. 1995).  The Court ultimately held that the district court

---

[3]  Groupwell has denied the allegations in Gourmet's Counterclaims.

5

did not abuse its discretion when staying discovery both because defendant's motion for summary judgment contained issues of law and plaintiff filed no Rule 56(f) affidavit showing the need for discovery.  Id.

Likewise, in the instant case, there are issues that the Court could decide as a matter of law, i.e., whether the Settlement Agreement released Gourmet's Counterclaims that are based on alleged conduct that occurred on or before January 25, 2008 and whether said claims are barred by the doctrine of res judicata.  Therefore, Rule 26(c) supports the protective order requested by Groupwell.

Groupwell understands that Gourmet may need to inquire into certain matters that occurred before January 25, 2008, that may pertain to the course of dealing between the parties in regard to ordering goods and paying for goods.  But this inquiry should not relate to the subject of Gourmet's Counterclaims - an alleged scheme between officers of Gourmet, Robert and Kevin Scully, and Groupwell to overcharge Gourmet for goods with the Scullys keeping the overcharge.

Additionally, Groupwell understands that the effective date of the Settlement Agreement is January 25, 2008, and Gourmet may inquire into matters related to its Counterclaims that may have occurred after January 25, 2008.  While the order of dismissal that is the basis of Groupwell's res judicata claim was entered in the Texas case on January 30, 2008, Groupwell does not object to providing information related to the five days between January 25, 2008 and January 30, 2008.

Groupwell submits that a ruling on its Second Motion for Partial Summary Judgment should not take an extended amount of time.  No discovery would be needed

on it as the issue is squarely presented based upon the documents themselves (i.e., the Settlement Agreement and the Order of Dimissal).

Groupwell has consented to a new scheduling order that has extended the existing deadlines, subject to revision if Groupwell's summary judgment motion is granted, since the parties will not need as much time to complete discovery and other matters if the motion is granted. If Groupwell's motion is denied, Gourmet could conduct discovery on these matters at that time. If Groupwell's motion is granted, Gourmet should be permanently barred from conducting discovery on these matters.

Additionally, Groupwell understands that Gourmet is currently involved in litigation with Robert Scully and Kevin Scully in Bexar County, Texas, Cause No. 2010-CI-05657. In that case, Gourmet has asserted claims against the Scullys that are nearly identical to the claims that it has asserted against Groupwell in this case. Groupwell further understands that the Texas court recently granted a protective order to the Scullys prohibiting Gourmet from conducting discovery on claims that were released by the Settlement Agreement and also barred by the doctrine of res judicata based on the January 30, 2008 Order of Dismissal. Groupwell understands that those parties will attend a hearing before the Texas court on March 29, 2011, to clarify the court's ruling so that a written protective order can be entered. Thus, one court has already ruled that the Scullys are entitled to a protective order similar to the one sought by Groupwell in this case.

For the foregoing reasons, Groupwell seeks to limit discovery and asks the Court to prohibit Gourmet from inquiring into matters that are the subject of Groupwell's pending motion for partial summary judgment.

7

SULLIVAN, MOUNTJOY, STAINBACK
& MILLER, P.S.C.

/s/ R. Michael Sullivan
R. Michael Sullivan
100 St. Ann Street
P.O. Box 727
Owensboro, Kentucky 42302-0727
(270) 926-4000
Attorney for Plaintiff

## RULE 26(c) CERTIFICATION

Movant hereby certifies that it has in good faith conferred or attempted to confer with defendant in an effort to resolve this dispute without Court action, without success.

/s/ R. Michael Sullivan
R. Michael Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

J. Sale Gordon
J. Andrew Johnson
Gordon & Gordon, PSC
121 West Second Street
Owensboro, Kentucky 42303
sgordonlaw@bellsouth.net

/s/ R. Michael Sullivan
R. Michael Sullivan

8