UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:09-CV-00094-M**

**GROUPWELL INTERNATIONAL (HK) LIMITED**  **PLAINTIFF**

**V.**

**GOURMET EXPRESS, LLC**  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Groupwell's Objection [DN 122] and its Supplemental Objection [DN 124] to Magistrate Judge Brennenstuhl's Order of February 22, 2013 [DN 120]. Also before the Court is Gourmet's Request for Oral Argument [DN 127]. Fully briefed, this matter is ripe for decision. For the following reasons, Groupwell's objections are **OVERRULED** and Magistrate Judge Brennenstuhl's Order is **AFFIRMED**. Gourmet's request for oral argument is **DENIED**.

The parties dispute whether Gourmet may conduct discovery as to matters occurring before January 23, 2008, the cut-off date for claims that Gourmet can assert against Groupwell. On February 22, 2013, Magistrate Judge Brennenstuhl entered an order discussing the issue, finding that Gourmet "will not be confined to discovery of only those facts and events taking place after January 23, 2008." (Order [DN 120] 5.) Groupwell has since filed an objection and a supplemental objection, requesting that the Court reverse Magistrate Judge Brennenstuhl's decision and enter a protective order prohibiting Gourmet from conducting discovery on matters occurring before January 23, 2008.

"A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

Where there are two plausible views, a decision cannot be "clearly erroneous." <u>Anderson v. Bessemer City, N.V.</u>, 470 U.S. 564, 573 (1985). In this case, Groupwell contends that Magistrate Judge Brennenstuhl's ruling was clearly erroneous because he did not consider its position on many of Gourmet's arguments. After reviewing the parties' briefs, however, the Court finds Groupwell's contention without merit.

In his order, Magistrate Judge Brennenstuhl recognizes that Groupwell "makes well-reasoned arguments as to why the evidence of record . . . lends little support to Gourmet's counterclaim." He then finds, however, that "the objective of testimony is to unearth evidence supporting a claim" and that many of Groupwell's arguments, in essence, ask the court to pass judgment on the merits of Gourmet's claims or defenses. (Order [DN 120] 4.) The Court concludes that it is not left with a firm and definite conviction that these findings constitute mistakes. As Magistrate Judge Brennenstuhl notes, if Groupwell believes that a request is beyond the scope of discovery or is of such burdensome nature to be unreasonable, it may make an objection. (<u>Id.</u> at 5–6.) The Court also finds that an oral argument is unnecessary since the pertinent issues are adequately addressed in the parties' briefs.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Groupwell's Objection [DN 122] and Supplemental Objection [DN 124] to Magistrate Judge Brennenstuhl's Order of February 22, 2013 are **OVERRULED** and Magistrate Judge Brennenstuhl's Order [DN 120] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Gourmet's Request for Oral Argument [DN 127] is **DENIED**.

*Joseph H. McKinley, Jr., Chief Judge*
*United States District Court*

March 25, 2013

cc: counsel of record